UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNY LEE WILLIAMS,

        Plaintiff,

        v.                                              Case No. 25-cv-1411-bhl

MILWAUKEE COUNTY JAIL and
WELLPATH,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Johnny Lee Williams, who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 16, 2025, the Court ordered Williams to pay an initial partial filing fee of $24.67 by October 16, 2025. The deadline passed, and Williams did not pay the fee, so the Court ordered that if it did not receive the fee by October 30, 2025, the Court would deny his motion to proceed without prepaying the filing fee and would dismiss this case based on his failure to pay the fee. The extended deadline passed, and Williams did not pay the fee, so the Court dismissed this action on November 4, 2025. In the days following the dismissal, Williams filed a letter about his dental care, a motion to add Defendants, and miscellaneous documents relating to his health care. Dkt. Nos. 11, 12, 13. He made no mention of the initial partial filing fee. On December 4, 2025, a month after the Court dismissed this action, Williams filed a motion for reconsideration. Williams explained that he had just received notice that his case had been dismissed based on his failure to pay an initial partial filing fee. Williams stated that he did not receive the Court's orders regarding the initial partial filing fee, so he did not know that he was obligated to pay a fee. He also represented that he arranged payment of the fee shortly after receiving the dismissal order. The Court received the $24.67 initial partial filing fee on December 2, 2025.

      In light of Williams' assertions that he did not receive the Court's orders regarding his obligation to pay an initial partial filing fee, the Court finds that his failure to pay the fee was due

to excusable neglect. Accordingly, the Court will grant his motion for reconsideration and will vacate the denial of his motion to proceed *in forma pauperis*, the dismissal order, and the judgment. Moreover, because Williams has paid the $24.67 initial partial filing fee, the Court will grant his motion for leave to proceed without prepaying the full filing fee and will screen the complaint.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Williams, beginning in January 2025, medical staff failed to timely issue him prescribed eye drops to treat his severe glaucoma, resulting in him losing vision in his left eye. He

asserts that he continues to be denied his eye drops for days at a time and that the vision in his right eye has now gotten worse. He states that he has repeatedly spoken to nurses about his drops, but Ms. G is the only one to respond. He states that he is afraid that one day he will open his eyes and be completely blind.

## THE COURT'S ANALYSIS

Williams sues the Milwaukee County Jail and WellPath based on allegations that medical staff's response to his serious eye condition has been objectively unreasonable. To prevail on a medical care claim under the Fourteenth Amendment, a pretrial detainee must show that the state official failed to take reasonable available measures to abate a known risk of serious harm. *See Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024).

Although Williams' allegations are sufficient for the Court to reasonably infer that he suffers from an objectively serious medical condition (i.e., glaucoma) and that reasonable measures were not taken to abate the risk of harm from that condition (i.e., delayed administration of his eye drops), Williams fails to state a claim upon which relief can be granted because it is not clear *who* was responsible for the alleged violation. Under §1983, "a public employee's liability is premised on her own knowledge and actions." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 630 (7th Cir. 2017). In other words, WellPath (or the medical staff generally) is not liable for the actions or inaction of a particular individual. The complaint makes no effort to identify who allegedly failed to timely provide Williams with his prescribed eye drops, so it fails to state a claim upon which relief can be granted.

The Court acknowledges that after he filed the complaint, Williams filed a motion to add three nurses as Defendants. Dkt. No. 12. But neither the motion nor the complaint provides details about how these individuals were involved in the alleged violation or what Williams believes they did or did not do to violate his rights. As explained above, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. At a minimum, this requires factual allegations describing *how a person knew about the serious medical condition, what that person did or did not do to abate the risk of harm, when it happened, and how it impacted the Plaintiff.* Williams' complaint does not include this factual content as it relates to these three individuals, so he fails to state a claim against them.

Therefore, if Williams wants to proceed with this lawsuit, he will need to file an amended complaint by **January 29, 2026**, that cures the deficiencies identified in this decision. Williams should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; (4) what he informed them and how they responded; and (5) how their actions or inaction impacted him. Williams should set forth his allegations in short and plain statements and ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Williams is advised that the amended complaint will replace the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Williams' failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Williams' motion for reconsideration (Dkt. No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's order denying Williams' motion for leave to proceed without prepaying the filing fee and dismissing this action (Dkt. No. 9) and the judgment (Dkt. No. 10) are **VACATED**.

**IT IS FURTHER ORDERED** that Williams' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 29, 2026**, Williams may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Williams a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Williams shall collect from his institution trust account the $325.33 balance of the filing fee by collecting monthly payments from Williams' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action. If Williams is transferred to another institution, the transferring institution shall forward a copy of this Order along with Williams' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Williams is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 30, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge