UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNY LEE WILLIAMS,

        Plaintiff,

        v.                                  Case No. 25-cv-1411-bhl

WELLPATH LLC and
DR. PULS,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Johnny Lee Williams, who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On December 30, 2025, the Court screened the complaint and after concluding it failed to state a claim on which relief could be granted, gave Williams the opportunity to file an amended complaint, which he did on January 20, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Williams, for more than a year, jail medical providers have failed to give him eye drops that he had been prescribed to treat his severe glaucoma. Williams alleges that he eventually lost vision in his left eye and vision in his right eye is worsening. He states that he has repeatedly complained about the denied eye drops and about WellPath's "broken system" to many people, including to Defendant Dr. Puls, the administrator for WellPath LLC, but nothing has been done.

## THE COURT'S ANALYSIS

Williams sues Dr. Puls and WellPath based on allegations that the response to his serious eye condition has been objectively unreasonable. To prevail on a medical care claim under the Fourteenth Amendment, a pretrial detainee must show that the state official failed to take reasonable available measures to abate a known risk of serious harm. *See Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024). With this legal standard in mind, the Court will allow Williams to proceed on a medical care claim against Dr. Puls based on allegations that she ignored Williams' many complaints that medical providers were refusing to provide him with his prescribed eye drops.

Williams does not, however, state a claim against WellPath because a private corporation cannot be held liable under §1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. Respondeat superior liability does not apply to private corporations under §1983. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Williams does not allege that he was injured because of an unconstitutional policy or custom. Rather, he alleges that medical providers did not act reasonably when they refused to provide him with his prescribed eye drops. WellPath is not liable for the alleged misdeeds of its employees.

The Court will deny Williams' motion asking the Court to order jail staff to provide him with free copies of his medical records. After Dr. Puls has the opportunity to respond to the amended complaint, the Court will enter a scheduling order setting dates for the completion of discovery and the filing of dispositive motions. At that time, Williams may serve discovery requests on Dr. Puls. The Court advises Williams that the jail is not obligated to provide him with

free copies of his medical records. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional right to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund."); *Goodvine v. Gorske*, No. 06C0862, 2010 WL 3743522, at *2 (E.D. Wis. Sept. 22, 2010) (declining to compel defendants to produce copies of plaintiff's medical file because plaintiff had been granted access to the file); *Stewart v. Barr*, No. 05-C-293-C, 2005 WL 6166745, at *2 (W.D. Wis. Nov. 30, 2005) ("[D]efendants have no obligation to provide plaintiff with free copies of his medical records.").

Finally, the Court will deny Williams' motion for an order directing the jail to collect from his institution trust account the balance of the filing fee by collecting payments from his prison trust account. The Court has already ordered collection of the fee and sent the order to appropriate office. *See* Dkt. No. 16 at 4. Collection of the fee is not Williams' responsibility.

**IT IS THEREFORE ORDERED** that Williams' second motion for leave to proceed *in forma pauperis* is (Dkt. No. 18) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Williams' motion to order the jail to provide him with free copies of documents (Dkt. No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Williams' motion for an order regarding collection of the filing fee (Dkt. No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Williams fails to state a claim against WellPath LLC, so the clerk's office is directed to terminate it from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Dr. Puls pursuant to Federal Rule of Civil Procedure 4. Williams is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Dr. Puls shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 27th day of January, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4

Case 2:25-cv-01411-BHL    Filed 01/27/26    Page 4 of 4    Document 23