---

JOHNNY LEE WILLIAMS,

                    Plaintiff,

    v.                                                Case No. 25-cv-1411-bhl

DAWN PULS,

                    Defendant.

---

## DECISION AND ORDER

---

Plaintiff Johnny Lee Williams, who is incarcerated at the Milwaukee County Jail, is representing himself in this 42 U.S.C. §1983 case. Williams asserts that Defendant Dr. Dawn Puls violated the Fourteenth Amendment when she ignored his many complaints that medical providers were refusing to provide him with his prescription eye drops. On March 11, 2026, Dr. Puls filed a motion for summary judgment on the ground that Williams failed to exhaust the available administrative remedies before he filed this lawsuit. Dkt. No. 39. For the reasons explained below, the Court will grant the motion and dismiss this case.

## BACKGROUND

At the relevant time, Williams was incarcerated at the Milwaukee County Jail, where Dr. Puls worked as a medical provider. Prior to bringing this lawsuit, Williams filed 89 grievances. He appealed only one grievance: Grievance No. 184132, which involved an issue unrelated to Williams's claim in this case. Williams asserts that, in response to his grievances, he was only ever told that medical staff would "look into the matter." He states that every grievance was "closed" with a day or two of his submission without a determination. Dkt. No. 41 at ¶¶21-25; Dkt. No. 45-1 at 4-8.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four*

*Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Williams was incarcerated when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

That said, a prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

It is undisputed that the Milwaukee County Jail has a grievance procedure that is set forth in the jail handbook. The procedure first requires inmates to "submit the grievance using a Kiosk located in the housing unit." Dkt. No. 42-1 at 9. Inmates who do not have access to a Kiosk may request a paper form. *Id.* The handbook explains that "to exhaust the administrative grievance procedure, inmates must appeal the grievance determination to a jail supervisor within 7 days after

2

the date of the determination on the original grievance or, if the inmate does not receive a determination, within 28 days after the grievance was filed." *Id*. at 10.

Williams acknowledges that he did not appeal any of the grievances or requests he submitted about the issues in this case. Nevertheless, Williams asserts that his failure to appeal is not fatal to his case because the administrative remedies were unavailable to him for two reasons. First, Williams asserts that the grievance procedure does not specify what an inmate must do if a grievance is closed without a determination. Second, Williams asserts that the grievance procedure applies only to jail issues, not to medical issues. Both assertions are without merit.

As to Williams' first assertion, the grievance procedure states that, "if an inmate does not receive a determination" on his grievance, then he must appeal within 28 days after he filed his grievance. According to Williams, he received the same response to every grievance he submitted: the matter would be looked into. He states that the grievance was then closed with no further follow-up. According to Williams, "not once on any grievance was [he] given a decision or option to appeal." He states that the grievances were "simply closed leaving [him] at a dead end." Dkt. No. 45 at 3. But this response (or, more accurately, non-response) did not render the administrative procedures unavailable to Williams because the jail's grievance procedures explicitly instruct inmates who do not receive a determination to submit an appeal within 28 days after they filed their grievance. Williams acknowledges that he did not appeal any grievance related to the claim in this case despite the grievance procedures instructing him to do so even when he did not receive a determination on the grievance.

As to Williams' second argument, Williams highlights a provision in the handbook clarifying that "[r]esponses to grievances and appeal related to healthcare will be provided by the facility's contracted healthcare provider." Dkt. No. 42-1 at 9. According to Williams, because his issue related to healthcare, he was not obligated to comply with the jail's grievance procedure. But this provision did not change the procedure for exhausting the administrative remedies; it only informs the inmates of which department is responsible for responding. The procedure remains the same regardless of the topic of the grievance, and Williams does not dispute that he did not comply with the procedure. Accordingly, Dr. Puls is entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendant Dr. Puls's motion for summary judgment on exhaustion grounds (Dkt. No. 39) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

3

**IT IS FURTHER ORDERED** that Williams's motion to appoint counsel (Dkt. No. 52) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin this 26th day of May, 2026.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

4