UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNY LEE WILLIAMS,

Plaintiff-Appellant,

v.

USDC Case No. 25-cv-1411-bhl
USCA Case No. 26-2227

DAWN PULS,

Defendant-Appellee.

---

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

On May 26, 2026, the Court granted Defendant's motion for summary judgment on exhaustion grounds and dismissed this action. Plaintiff Johnny Lee Williams appealed and requested leave to appeal *in forma pauperis*. The Court informed Plaintiff that, pursuant to 28 U.S.C. §1915, he must submit a certified copy of his trust account statement for the six-month period preceding the filing of his notice of appeal. On July 6, 2026, at Plaintiff's request, the Court extended the deadline to submit the statement to August 5, 2026. The Court did not receive the statement by the deadline, so on August 24, 2026, the Court denied Plaintiff's motion for leave to appeal *in forma pauperis*.

On September 2, 2026, Plaintiff filed a letter, which the Court will construe as a motion for reconsideration. Plaintiff explained that he misunderstood the Court's order and mailed his trust account statement to the court of appeals rather than the district court. Plaintiff also submitted a copy of the trust account statement that he erroneously mailed to the court of appeals. The Court contacted the court of appeals and confirmed it received Plaintiff's trust account statement on July 21, 2026. Accordingly, the Court will grant Plaintiff's letter motion for reconsideration and will vacate its order denying Plaintiff's motion for leave to appeal *in forma pauperis*. Because it appears that the appeal is taken in good faith and Plaintiff is indigent. The Court will grant Plaintiff's motion to appeal *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), a prisoner must pay the applicable filing fees in full for an appeal. 28 U.S.C. §1915(b). To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and

return it to the Court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The Court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). The agency having custody of the prisoner will collect the money and send payments to the Court each time the amount in the account exceeds $10.00, until the filing fees are paid. *Id.*

A review of Plaintiff's trust account statement reveals that Plaintiff must pay an initial partial filing fee of $16.67, as well as additional payments pursuant to 28 U.S.C. §1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

**IT IS THEREFORE ORDERED** that Plaintiff's letter motion for reconsideration (Dkt. No. 65) is **GRANTED**. The Court's August 24, 2026 order is **VACATED**, and Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Dkt. No. 59) is **GRANTED**.

**IT IS FURTHER ORDERED** that by **October 8, 2026**, Plaintiff shall forward to the Clerk of Court **$16.67** as the initial partial filing fee in this appeal. Plaintiff's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action. **To the extent Plaintiff does not have enough money in his regular account to make the initial partial payment, he is responsible for making arrangements with authorities to pay the remainder of the initial partial filing fee from his release account. Plaintiff is advised that the language of 28 U.S.C. §1915(b)(1) suggests that a prisoner's release account may be invaded to satisfy an initial partial filing fee only if insufficient funds are available in his regular account. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).**

**IT IS FURTHER ORDERED** that after the initial partial filing fee has been paid, the agency having custody of Plaintiff shall collect from his prison trust account the balance of the filing fee ($588.33) by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name

and number assigned to this action. If Plaintiff is transferred to another institution—county, state, or federal—the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and that a copy of this order be provided to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the Court's electronic case filing system.

Dated at Milwaukee, Wisconsin this 8th day of September, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge